# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**DOMINIQUE DELEANO HARRIS,**

    **Plaintiff,**

vs.                                          Case No. 4:19cv320-MW-CAS

**CARMAZZI GLOBAL SOLUTIONS, INC.**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, has filed an amended civil complaint, ECF No. 6, pursuant to this Court's diversity jurisdiction. *Id.* at 3. Plaintiff's amended complaint alleges that the Defendant hired her to work as a "VHR contractor" at the Social Security Administration's Disability Office. ECF No. 6 at 6. Plaintiff alleges that Defendant failed to pay her for her employment services and she seeks compensatory and punitive damages. *Id.* It appears from an attachment to the amended complaint that Plaintiff was employed for no more than two months. *Id.* at 10.

Construed liberally, the amended complaint presents only a state law claim for breach of contract. Plaintiff resides in Tallahassee, Florida, and

indicates that Defendant is located somewhere in California. ECF No. 6. As relief, Plaintiff seeks damages of approximately twenty-three thousand dollars. *Id.* at 6.

Diversity jurisdiction is properly invoked in cases where there is complete diversity of citizenship between all plaintiffs and all defendants. 28 U.S.C. § 1332(a)(1); <u>Vermeulen v. Renault, U.S.A., Inc.</u>, 985 F.2d 1534, 1542 (11th Cir. 1993); <u>Cabalceta v. Standard Fruit Co.</u>, 883 F.2d 1553, 1557 (11th Cir. 1989). Plaintiff and Defendant appear to be residents of different states. However, the amended complaint does not meet the required amount in controversy. The diversity jurisdiction statute requires that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Because Plaintiff seeks much less, this Court lacks jurisdiction and this case should be dismissed.

It is respectfully **RECOMMENDED** that Plaintiff's amended complaint, ECF No. 6, be **DISMISSED without prejudice** for lack of subject matter jurisdiction.

**IN CHAMBERS** at Tallahassee, Florida, on October 8, 2019.

 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**